[655 NYS2d 467]

In the Matter of GANDHI PANDIT, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 25, 1997

**APPEARANCES OF COUNSEL**

*Elyse N. Post* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*David M. Richman* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Gandhi Pandit was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on May 19, 1993. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On October 21, 1996, respondent was found guilty in the United States District Court for the Southern District of New York, upon a jury verdict, of one count of conspiring to defraud the United States by preparing and filing false asylum applications with the Immigration and Naturalization Service in violation of 18 USC § 371, and two counts of submitting false documents in violation of 18 USC §§ 1001 and 1002. Respondent has not yet been sentenced.

By petition dated January 3, 1997, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a). Petitioner contends that respondent's convictions of submitting false documents in violation of 18 USC §§ 1001 and 1002 are analogous to convictions of the New York felony of offering a false instrument for filing in the first degree (Penal Law § 175.35), and therefore are a proper predicate for automatic disbarment under Judiciary Law § 90 (4) (e).

We have previously held that making a false written statement to a government agency in violation of 18 USC § 1001 is analogous to the crime of offering a false instrument for filing in the first degree, a New York felony, which results in automatic disbarment (*Matter of Hirsch*, 214 AD2d 271; *Matter of Marilao*, 188 AD2d 146). Respondent's reliance on *Matter of Messinger* (181 AD2d 379), in arguing for a suspension rather than disbarment, is misplaced, since Messinger was not convicted of any Federal felonies that were analogous to a New York felony, rendering the automatic disbarment provision of Judiciary Law § 90 (4) (e) inapplicable as to him.

Accordingly, the Committee's petition is granted and respondent's name is hereby stricken from the roll of attorneys on the ground that he has been automatically disbarred upon the conviction of a felony as defined in Judiciary Law § 90 (4) (e).

MURPHY, P. J., ROSENBERGER, RUBIN, WILLIAMS and MAZZARELLI, JJ., concur.

Petition granted and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.