[660 NYS2d 106]

In the Matter of GIRIJA P. GAUTAM, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 17, 1997

### APPEARANCES OF COUNSEL

*Elyse N. Post* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Kenneth J. Kaplan* of counsel *(Kaplan & Katzberg,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State

of New York by the Second Judicial Department on February 27, 1991. At all times relevant to these proceedings, he maintained an office within the First Department.

On October 21, 1996, respondent was found guilty in the United States District Court for the Southern District of New York, upon a jury verdict, of one count of conspiring to defraud the United States by preparing and filing false asylum applications with the Immigration and Naturalization Service in violation of 18 USC § 371, and one count of submitting false documents in violation of 18 USC §§ 1001 and 1002.

By petition dated January 3, 1997, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a). The petitioner contends, and we have previously held, that a violation of 18 USC § 1001 is analogous to the New York felony of offering a false instrument for filing in the first degree (Penal Law § 175.35), a proper predicate for automatic disbarment under Judiciary Law § 90 (4) (e) (*Matter of Hirsch*, 214 AD2d 271; *Matter of Marilao*, 188 AD2d 146). Respondent's reliance upon *Matter of Messinger* (181 AD2d 379) in arguing for suspension rather than disbarment is misplaced, since Messinger was not convicted of a Federal crime analogous to a New York felony.

Accordingly, the Committee's petition is granted and respondent's name is hereby stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a).

MURPHY, P. J., ROSENBERGER, ELLERIN, RUBIN and MAZZARELLI, JJ., concur.

Petition granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.