[672 NYS2d 343]

In the Matter of CONSTANTINE N. VAGIONIS (Admitted as CONSTANTINE NICHOLAS VAGIONIS), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 7, 1998

**APPEARANCES OF COUNSEL**

*Raymond Vallejo* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Constantine N. Vagionis,* was admitted to the practice of law in the State of New York by the Second Judicial Department on March 30, 1960, as Constantine Nicholas Vagionis. At all times pertinent to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

By order and decision entered November 30, 1995 (*Matter of Vagionis*, 217 AD2d 175), respondent was suspended from the practice of law for a period of six months based upon the finding that he commingled client funds in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46).

On July 16, 1997, respondent pleaded guilty in the United States District Court of the District of New Jersey to an information charging him with conspiracy to defraud the United States and the Internal Revenue Service (one count), in violation of 18 USC § 371, and income tax evasion (one count), in violation of 26 USC § 7201, both felonies. On October 15, 1997, respondent was sentenced to two years' probation; four months' home detention; a fine of $2,000; and a $100 special assessment.

In his plea allocution, respondent admitted to the following acts. In 1991, he and his cohorts planned to set up foreign corporations in order to transfer money into these corporations' bank accounts and thereby hide the money from the Internal Revenue Service (IRS). Respondent then set up these sham corporations and, along with his cohorts, used them to evade United States taxes on money earned from their business activities in this country. He deliberately filed inaccurate tax returns with the IRS. Respondent admitted that he knowingly and intentionally acted to impede the lawful function of the IRS in assessing and collecting taxes. The tax loss resulting from his conduct exceeded $325,000.

By petition dated March 6, 1998, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a), on the grounds that he was automatically disbarred upon his conviction of felonies as defined by Judiciary Law § 90 (4) (e). Judiciary Law § 90 (4) (e) defines a felony as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

---

* Respondent has not appeared in this proceeding.

Thus, a Federal felony conviction will result in automatic disbarment if an equivalent felony exists under New York law. The Federal felony must be "essentially similar," though not necessarily identical, to some offense classified as a felony in New York (*Matter of Margiotta*, 60 NY2d 147, 150).

Petitioner correctly asserts that respondent's conviction of conspiracy to defraud the United States and the IRS is essentially similar to the New York felony of scheme to defraud in the first degree. Pursuant to Penal Law § 190.65 (1) (b), a person is guilty of this crime if he intentionally engaged in a scheme to defraud one or more persons by means of false pretenses and thereby obtained property in excess of $1,000. Here, respondent intentionally and successfully schemed to defraud the United States and the IRS of $325,000 in tax revenues by creating deceptive corporate accounts and making false statements on his tax returns (*see, Matter of Kim*, 209 AD2d 127, 131 [Federal bank fraud conviction equivalent to New York felony of scheme to defraud]).

The Second Department has held that filing a fraudulent Federal tax return is essentially similar to the New York felony of offering a false instrument for filing in the first degree (*Matter of Hack*, 142 AD2d 287, 288). Under Penal Law § 175.35, a person is guilty of this crime when he knowingly presents a written instrument containing false statements to a public office or official with the intent to defraud the government. However, this Court appears to regard this Federal offense as a "serious crime" under Judiciary Law § 90 (4) (d), that is, a crime for which there is no New York equivalent and which therefore does not bring *automatic* disbarment (*Matter of Canavan*, 183 AD2d 186, 187). Even so, disbarment for filing a fraudulent tax return would certainly be appropriate here, given that this act occurred in the context of a larger illegal scheme (*supra*).

As the respondent has been convicted of crimes that are felonies within the meaning of Judiciary Law § 90 (4) (e), he automatically ceased to be an attorney by operation of law upon entry of his guilty plea (*Matter of Remmelink*, 233 AD2d 25). Accordingly, the Committee's petition is granted, and respondent's name should be stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

SULLIVAN, J. P., ROSENBERGER, WALLACH, WILLIAMS and TOM, JJ., concur.

Petition granted, and respondent's name ordered struck from the roll of attorneys and counselors-at-law in the State of New York forthwith.