[680 NYS2d 544]

In the Matter of LYNNE F. STEWART (Admitted as LYNNE FELTHAM STEWART), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 3, 1998

## APPEARANCES OF COUNSEL

*Jorge Dopico* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Lynne F. Stewart was admitted to practice in New York in the First Judicial Department on January 31,

1977 as Lynne Feltham Stewart and at all times relevant to this proceeding has maintained an office for the practice of law within this Department.

This is a proceeding by the Departmental Disciplinary Committee to confirm the Hearing Panel's findings of fact and conclusions of law and publicly censure respondent.

Respondent was charged with neglecting the criminal appeal of a client, failing to notify promptly the Appellate Division, Second Department, of her substitution as counsel for the client and, in supplemental charges, with failing to provide an answer to the complaint of another client and failing to return to the client his legal file and personal property despite numerous requests from the client and the promise at her deposition that she would do so. Prior to a hearing, respondent entered into a stipulation admitting the factual allegations in the charges and supplemental charges. While she denied violation of the Disciplinary Rules of the Code of Professional Responsibility as stated in Charges One, Two and Three, she admitted Charge Four—failing to return her client's legal file in a timely fashion.

After a hearing, the Panel sustained Charges Two, Three and Four and recommended that respondent be publicly censured. The Panel did not sustain Charge One, the alleged neglect of a criminal appeal for five years. While it concluded that respondent could have been more diligent in her handling of the appeal, it did not believe that her lack of diligence constituted a disciplinary violation. The Panel noted that it did not appear that respondent's client was prejudiced by her delay in filing the brief and that, although his murder conviction was upheld, he did not file a complaint against respondent. The Panel sustained Charge Two against respondent as a violation of Court rules by failing to notify promptly the Appellant Division, Second Department, about her substitution as counsel for the client,* but the Panel did not believe that her conduct violated DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3).

Charges Three and Four pertain to respondent's conduct regarding a client whom the Federal District Court appointed her to represent in connection with a Federal habeas corpus petition after his conviction in Supreme Court, Nassau County, of murder in the second degree. After the habeas corpus peti-

---

* The Second Department did not learn of respondent's representation until five years after she was retained, when she filed an affirmation in opposition to the District Attorney's motion to dismiss the appeal for lack of prosecution.

tion was denied, the client wrote to respondent expressing his concern regarding her lack of action on his behalf and requesting the return of his legal file. Thereafter, the client filed a complaint with the Disciplinary Committee alleging that respondent had not done much on his behalf, that she had failed to return certain of his personal property and that she had failed to respond to his previous requests for his legal file, which he needed to prosecute his appeal. Respondent did not answer the complaint until after the Committee's third request. Although she wrote in her answer that she would "be more than happy" to send the client his personal property and file, and several months later, at her deposition, promised to do so "immediately," almost two more months passed before respondent advised the Committee that she had complied. At respondent's deposition, the Committee asked respondent to submit a chronology of her actions on behalf of the client. Despite at least one additional request for the chronology, none was provided.

Based on the evidence and respondent's admissions, the Panel concluded that by failing to comply promptly with the Committee's request that she provide an answer to the client's complaint and a chronology of her actions on his behalf, she had engaged in conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5) (Charge Three), and that by failing to return promptly the client's legal file and personal property, despite numerous requests from the client and the Committee and her promise to do so immediately, respondent failed to deliver promptly properties in her possession that her client was entitled to receive, in violation of DR 9-102 (C) (4) (22 NYCRR 1200.46) (Charge Four).

In mitigation of respondent's conduct, the Panel considered character letters and, in aggravation, five letters of admonition that the Committee had issued to respondent involving neglect of legal matters and failure to cooperate with the Committee. Noting that the Committee had previously sanctioned respondent for her failure to cooperate, and despite her longstanding professional stature, the Panel recommended that she be publicly censured.

Respondent submits no opposition to the Disciplinary Committee's application. In light of respondent's previous admonitions and notwithstanding her professional stature, public censure is the appropriate sanction under the circumstances of this case.

Accordingly, the application should be granted, the Panel's findings of fact and conclusions of law should be confirmed and respondent should be publicly censured.

SULLIVAN, J. P., MILONAS, NARDELLI, WILLIAMS and TOM, JJ., concur.

Petition granted, the findings of fact and conclusions of law of the Hearing Panel confirmed, and respondent publicly censured.