[688 NYS2d 38]

In the Matter of Lewis M. Koss (Admitted as Lewis Michael Koss), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, April 6, 1999

**APPEARANCES OF COUNSEL**

*Raymond Vallejo* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Lewis M. Koss*, respondent *pro se*.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Lewis M. Koss, was admitted to practice as an

attorney in the State of New York by the Appellate Division, First Department, on December 23, 1968. Respondent was also admitted to practice law in California and Minnesota.

The Departmental Disciplinary Committee moves to strike respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that respondent has been disbarred upon his conviction of a felony, as defined by Judiciary Law § 90 (4) (e).

On or about June 25, 1991, respondent was convicted, after trial by jury, in the United States District Court for the Southern District of California, with one count of the Racketeer Influenced and Corrupt Organizations Act (RICO), in violation of 18 USC § 1962 (c), and three counts of mail fraud, in violation of 18 USC § 1341, for his involvement as an attorney in a network of Southern California attorneys, referred to as the "Alliance." The Alliance defrauded insurance companies of millions of dollars in legal fees by manipulating and prolonging complex civil litigation. Respondent and other members of the Alliance knowingly represented adverse interests; financed their litigation opponents; shared litigation and office expenses; and paid kickbacks to each other and the clients they represented. Respondent participated in this criminal enterprise through a pattern of racketeering activity consisting of numerous mail fraud violations.

On or about September 23, 1991, respondent was sentenced to 46 months' imprisonment as to each of the four felony counts, to run concurrently; fined $100,000; placed on supervised release for three years upon release from imprisonment; and a $200 special assessment. Thereafter, on June 14, 1994, the Ninth Circuit Court of Appeals affirmed respondent's conviction and he subsequently began serving the 46-month sentence.

On May 1, 1996, the California Supreme Court issued an order summarily disbarring respondent and striking his name from the roll of attorneys. On December 11, 1997, the Minnesota Supreme Court issued an order immediately suspending respondent from the practice of law, based upon his felony convictions in California, pending a disciplinary hearing and final determination as to appropriate discipline (*In re Koss*, 572 NW2d 276 [Minn]). The Minnesota Supreme Court further ordered that respondent would have until April 12, 1999 to move to schedule a hearing and if he failed to move within that time period, the court would order his disbarment.

Automatic disbarment is appropriate discipline when an attorney is convicted of a Federal felony which is essentially sim-

ilar to a New York felony (*see*, Judiciary Law § 90 [4]; *Matter of Margiotta*, 60 NY2d 147, 149). Respondent's convictions in Federal court are a proper predicate for automatic disbarment since they are "essentially similar" to the New York felony of scheme to defraud in the first degree (Penal Law § 190.65). Thus, the three elements of scheme to defraud in the first degree are that the fraudulent scheme defrauded more than one person by false pretenses, of property in excess of $1,000 (*see*, *Matter of Kim*, 209 AD2d 127). Here, respondent defrauded insurance companies of millions of dollars as a participant in a criminal enterprise through a pattern of racketeering activity and mail fraud. Therefore, three elements of scheme to defraud in the first degree have been satisfied. Moreover, we have previously held that the crime of which respondent has been convicted, i.e., engaging in a racketeering scheme, is a felony under Federal law and is a criminal offense which, if committed within New York, would constitute a felony in this State (*see*, *Matter of Friedman*, 127 AD2d 331; *Matter of Shafran*, 127 AD2d 353).

Respondent has engaged in additional misconduct by not informing the Departmental Disciplinary Committee of his conviction as required by Judiciary Law § 90 (4) (c) and 22 NYCRR 603.12 (f). This lack of notice is the reason that the Committee has not made a motion prior to this time.

Accordingly, due to said felony convictions, respondent has been subject to automatic disbarment pursuant to Judiciary Law § 90 (4) (a), the motion by the Departmental Disciplinary Committee should be granted, and respondent's name stricken from the roll of attorneys in the State of New York forthwith.

ELLERIN, P. J., NARDELLI, WILLIAMS, LERNER and RUBIN, JJ., concur.

Petition granted, and the name of respondent stricken from the roll of attorneys and counselors-at-law in the State of New York forthwith.