[689 NYS2d 19]

In the Matter of Steven T. Seltzer, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, April 6, 1999

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Benjamin Brafman* of counsel (*Brafman Gilbert & Ross, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Steven T. Seltzer was admitted to the practice of law in the State of New York by the First Judicial Department on January 14, 1985.

The Departmental Disciplinary Committee for the First Judicial Department moves, pursuant to Judiciary Law § 90 (4) (a), for an order striking respondent's name from the roll of attorneys upon the ground that respondent has been automatically disbarred as a result of his conviction of a Federal felony that would constitute a felony if committed within New York.

In an indictment filed in the United States District Court for the Eastern District of New York, respondent was charged with racketeering conspiracy (one count), in violation of 18 USC § 1962, racketeering (one count), as defined by 18 USC § 1961, conspiracy to defraud various insurance companies (one count), in violation of 18 USC § 371, and mail fraud (three counts), in violation of 18 USC §§ 371 and 1341, all felonies. In addition, in an information filed in the United States District Court for the Eastern District of New York, respondent was charged with conspiracy to defraud the United States and the Internal Revenue Service (one count), in violation of 18 USC § 371. On February 14, 1997, respondent pleaded guilty to three counts of mail fraud and one count of conspiracy to defraud the United States and the Internal Revenue Service and, on February 9, 1999, was sentenced in connection with this conviction.

The Disciplinary Committee asserts that respondent's conviction for conspiracy to defraud is a proper predicate for

automatic disbarment since it is "essentially similar" to the New York felony of scheme to defraud in the first degree (Penal Law § 190.65 [1]). (*Matter of Vagionis*, 241 AD2d 276, 278.) Respondent consents to the relief requested in the petition.

In his plea allocution, respondent admitted that, on a number of occasions, while working at a public adjusting firm as a licensed public adjuster, he collected cash from the insured in exchange for submitting fraudulently inflated claims to insurance companies. Respondent further admitted that he did not report the cash payments, which amounted to several thousand dollars on each claim, as income on his income tax return.

A person is guilty of scheme to defraud in the first degree if he intentionally engaged in a scheme to defraud one or more persons by means of false pretenses and thereby obtained property in excess of $1,000. (*Supra.*) Since respondent's conviction is "essentially similar" to the New York felony of scheme to defraud in the first degree, he is subject to automatic disbarment. (*Supra,* at 278.)

Accordingly, the petition should be granted and respondent's name stricken from the roll of attorneys.

ELLERIN, P. J., SULLIVAN, LERNER, RUBIN and SAXE, JJ., concur.

Petition granted, and the name of respondent stricken from the roll of attorneys and counselors-at-law in the State of New York forthwith.