[714 NYS2d 57]

In the Matter of STANLEY A. SCHUTZMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 19, 2000

### APPEARANCES OF COUNSEL

*La Trisha A. Wilson* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Peter L. Maroulis* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Stanley A. Schutzman, was admitted to the

practice of law in New York by the First Judicial Department on January 30, 1978. Jurisdiction is based upon respondent's admission to this Department (22 NYCRR 603.1 [a]).

On April 22, 1998, respondent pleaded guilty in the United States District Court for the Southern District of New York, in satisfaction of a multi-count indictment, to one count of conspiracy to defraud the Internal Revenue Service in violation of 18 USC § 371, which is a felony under the United States Code. Respondent and three others were charged with conspiring to defraud the United States by siphoning off the maximum amount of money out of the operation of various businesses, without regard to the payment of Federal payroll taxes, in order to wrongfully enrich themselves with money that their businesses owed to the Federal government as taxes and to creditors. Respondent was sentenced to two years of supervised release and ordered to pay a special assessment of $50.

The Departmental Disciplinary Committee now seeks an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and the Rules of this Court (22 NYCRR) § 603.12 (b), and based thereon, immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and directing him to show cause before the Departmental Disciplinary Committee, which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made.

Judiciary Law § 90 (4) (d) defines "serious crime" in pertinent part as follows: "any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state." Section 603.12 (b) of the Rules of this Court states in pertinent part as follows: "The term serious crime shall include any felony, not resulting in automatic disbarment under the provisions of subdivision 4 of section 90 of the Judiciary Law." The crime of which respondent has been convicted, conspiring to defraud the Internal Revenue Service in violation of 18 USC § 371, qualifies as a "serious crime" within the meaning of the statute. As such, the Committee's petition is granted and the crime of which respondent has been convicted is deemed a "serious crime" pursuant to the Judiciary Law and the Rules of this Court.

Judiciary Law § 90 (4) (f) provides that, upon receipt of a record indicating that an attorney has been convicted of a "serious crime," this Court shall suspend the attorney until a final or-

der is issued. In addition, the imposition of an interim suspension here is consistent with this Court's general policy that convicted felons not be permitted to continue to practice law during the course of the disciplinary proceeding (*see, Matter of Charny*, 257 AD2d 18).

Accordingly, this Court grants the Committee's petition thereby deeming the offense of which respondent has been found guilty to be a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and the Rules of this Court (22 NYCRR) § 603.12 (b); suspends respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directs respondent to show cause before the Committee pursuant to Judiciary Law § 90 (4) (g), which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made.

MAZZARELLI, J. P., LERNER, ANDRIAS, BUCKLEY and FRIEDMAN, JJ., concur.

Petition granted and respondent suspended from the practice of law in the State of New York, effective November 16, 2000, until the further order of this Court, as indicated.