[776 NYS2d 299]

In the Matter of MEL LEVINE, an Attorney, Respondent. GRIEV-
ANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Peti-
tioner.

Second Department, April 26, 2004

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Faith Lorenzo* of counsel), for
petitioner.

*Mischel, Neuman & Horn, P.C.*, New York City (*Richard E. Mischel* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In July 1993 the respondent pleaded guilty in the United States District Court for the Southern District of Florida to filing a false statement in connection with a loan application, in violation of 18 USC § 1014, and 10 counts of filing false income tax refund claims, in violation of 18 USC § 287, both of which are federal felonies. On September 15, 1993, he was sentenced to 30 months imprisonment, five years supervised release, and restitution in the amount of $1,798,175.28.

In support of its motion to strike the respondent's name from the roll of attorneys and counselors-at-law, the petitioner contends that filing fraudulent claims with an agency of the United States in violation of 18 USC § 287 is cognizable in New York as the crime of offering a false instrument for filing in the first degree, a class E felony, in violation of Penal Law § 175.35 (*see Matter of McComb,* 93 AD2d 568 [1983]). Accordingly, the petitioner contends that the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony pursuant to Judiciary Law § 90 (4) (a).

The respondent, relying on *Matter of Vagionis* (241 AD2d 276 [1998]), contends that the Appellate Division, First Department, has adopted a different view and that the filing of a false, fictitious, or fraudulent income tax return is a serious crime. The respondent contends that, in view of the apparent uncertainty in the law and the current state of his health, the petitioner's motion should be denied and he should be permitted to resign from the bar.

In *Matter of McComb (supra)* and *Matter of Sheehan* (93 AD2d 570 [1983]), this Court held that a violation of 18 USC § 287 is cognizable in New York as the felony of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35. The case upon which the respondent relies is inapposite. In *Matter of Vagionis (supra),* the Appellate Division, First Department, considered whether a conviction of conspiracy to defraud the United States and the Internal Revenue Service, in violation of 18 USC § 371 and 26 USC § 7201, was essentially similar to the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65 (1) (b). Here, the respondent was convicted of violating 18 USC § 287. Thus,

it is *Matter of McComb (supra)* and *Matter of Sheehan (supra)* that are controlling.

Pursuant to Judiciary Law § 90 (4), a person ceases to be an attorney upon conviction of a felony. By virtue of his felony conviction, the respondent was automatically disbarred.

Accordingly, the petitioner's motion is granted, and the respondent's name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and ADAMS, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Mel Levine, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further, ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further, ordered that pursuant to Judiciary Law § 90, effective immediately, Mel Levine is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further, ordered that in the event Mel Levine has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to that issuing agency and Mel Levine shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).