[783 NYS2d 365]

In the Matter of JAMES W. TREFFINGER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 21, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Robert J. De Groot* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent James W. Treffinger was admitted to the practice of law in the State of New York by the First Judicial Department on September 26, 1977 and, at all times relevant to this proceeding, served as Essex County Executive in the State of New Jersey and did not maintain an office for the practice of law in the State of New York.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (a) or, in the alternative, determining that the crime of which respondent has been convicted is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d), immediately suspending respondent from the practice of law, pursuant to Judiciary Law § 90 (4) (f), and directing respondent to show cause, pursuant to Judiciary Law § 90 (4) (g), why a final order of censure, suspension or disbarment should not be made.

Respondent, on May 30, 2003, pursuant to a cooperation agreement with the United States Attorney's office for the District of New Jersey, pleaded guilty to conspiracy to corruptly persuade and mislead others with the intent to hinder the communication to law enforcement officers of information relating to the commission of a federal offense, in violation of 18 USC § 371, and mail fraud, in violation of 18 USC § 1341. On October 17, 2003, respondent was sentenced to 13 months imprisonment, three years supervised release, fined $5,000, and ordered to pay the County of Essex restitution in the amount of $29,471.

Judiciary Law § 90 (4) (a) authorizes the automatic disbarment of any attorney upon conviction of a felony, and Judiciary Law § 90 (4) (e) defines "felony" as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

While this Court has previously held that the federal counts to which respondent pleaded guilty herein do not have a New York State felony counterpart (*see Matter of Harnisch*, 7 AD3d 58 [2004]; *Matter of Schutzman*, 276 AD2d 29 [2000]), it is also well settled that "where the elements of the out-of-jurisdiction felony do not directly correspond to the elements of a New York

felony, this Court may look beyond the elements of the felony of which the respondent was convicted, and consider as well the respondent's admissions in the plea allocution" (*Matter of Harnisch, supra* at 59; *see also Matter of Hug*, 10 AD3d 126 [2004]).

The Committee contends that the admissions in respondent's plea allocution are sufficient to establish the elements of the New York felony of scheme to defraud in the first degree, under Penal Law § 190.65, which include a fraudulent scheme which defrauded more than one person by false pretenses of property in excess of $1,000 (Penal Law § 190.65 [1] [b]; *see also Matter of Seltzer*, 255 AD2d 1 [1999]; *Matter of Koss*, 253 AD2d 259 [1999]).

The charges against respondent arose out of a scheme where he accepted bribes in exchange for government contracts. Respondent acknowledged, in response to the District Court's questions, that in 1999 and 2000 he knowingly engaged in activity with the intent to defraud Essex County. Specifically, respondent admitted that he caused two individuals to be awarded jobs with the County for the primary purpose of working on his United States Senate campaign, and that they received salaries and raises from Essex County while providing little meaningful services in return.

Respondent, during his plea allocution, also acknowledged his understanding of count 14 (mail fraud [18 USC § 1341]) of the indictment, which the court summarized as follows:

> "It's charged that you knowingly, willfully did devise and intend to devise a scheme and artifice to defraud and to obtain money and property from the County of Essex and its citizens and to deprive the County of Essex and its citizens of services by means of materially false and fraudulent pretenses, representations and promises and caused the use of the interstate wires and mails and caused to be mailed certain documents also in violation of federal statutes . . . "

It is clear from the foregoing that respondent participated in a systematic, ongoing scheme to defraud the citizens of Essex County of thousands of dollars in connection with his fraudulent use of two county employees, and the identity of the numerous people defrauded need not be established (*Matter of Lulkin*, 258 AD2d 209, 211 [1999]). As a result, we agree with the Committee that the admissions contained in respondent's plea allocution are "essentially similar to" and therefore sufficient to

establish the elements of the New York felony of scheme to defraud in the first degree. (Penal Law § 190.65.)

Accordingly, the Committee's petition, insofar as it seeks to strike respondent's name from the roll of attorneys and counselors-at-law in the State of New York, should be granted.

NARDELLI, J.P., TOM, SULLIVAN, ELLERIN and WILLIAMS, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 30, 2003.