[834 NYS2d 157]

In the Matter of LYNNE F. STEWART (Admitted as LYNNE FELTHAM STEWART), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 24, 2007

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee (Jorge Dopico* of counsel), New York City, for petitioner.

*Joshua L. Dratel* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Lynne F. Stewart was admitted to practice in New York in the First Judicial Department on January 31, 1977 as Lynne Feltham Stewart and at all times relevant to this proceeding has maintained an office for the practice of law within this Department. Respondent's disciplinary history includes five letters of admonition that the Committee had issued to respondent involving neglect of legal matters and failure to cooperate with the Committee and a public censure for failing to cooperate with the Disciplinary Committee regarding a complaint of professional misconduct and for failing to return a client's legal file as repeatedly requested by the client (250 AD2d 217 [1998]).

On November 19, 2003, respondent and two others were charged in a superseding indictment filed in the United States District Court for the Southern District of New York with various counts involving assistance to terrorist organizations and making false statements. Specifically, respondent was charged with one count each of conspiracy to defraud the United States, conspiracy to provide and conceal material support to terrorist activity, providing and concealing material support to terrorist activity and two counts of making false statements. On February 10, 2005, after trial, respondent was convicted of all counts, and, on October 16, 2006, was sentenced to a 28 month term of imprisonment on each count, all to run concurrently, with two years of supervised release.

The Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the ground that she has been disbarred upon her conviction of a felony as defined in Judiciary Law § 90 (4) (e). The Committee asserts that respondent's convictions of two counts of making false statements in violation of 18 USC § 1001 are proper predicates for automatic disbarment under Judiciary Law § 90 (4) (a), arguing that the federal felony is essentially similar to Penal Law § 175.35, offering a false instrument for filing in the first degree (*see Matter of Margiotta*, 60 NY2d 147 [1983]).

Respondent's convictions under 18 USC § 1001 stem from affirmations she submitted to the United States Attorney's office for the Southern District of New York in May 2000 and 2001

respectively, in which she agreed that she would abide by certain measures imposed by the United States Bureau of Prisons (Special Administrative Measures [SAMs]) on her client, a convicted terrorist, Sheikh Omar Abdel Rahman. Specifically, respondent agreed that she would only be accompanied by translators for the purpose of communicating with the inmate concerning legal matters and that she would not use meetings, correspondence, or phone calls with him to pass messages between him and third parties, including, but not limited to, the media.

Under 18 USC § 1001, "whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully . . . makes any materially false, fictitious, or fraudulent statement or representation [or] makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry" is guilty of a felony. Respondent was found to have knowingly made materially false statements. Under Penal Law § 175.35,

> "[a] person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision, . . . he offers or presents it to a public office [or] public servant . . . with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office [or] public servant."

Respondent's knowledge or belief that the affirmations would be so filed, registered or recorded is evidenced from the statement in the affirmations that she understood that the Bureau of Prisons was relying on her sworn representation in affording Abdel Rahman the opportunity to meet or speak with her (*United States v Sattar*, 395 F Supp 2d 79, 85 [2005]; *see also United States v Sattar*, 272 F Supp 2d 348 [2003]).

18 USC § 1001 is analogous to Penal Law § 175.35 (*Matter of Fier*, 276 AD2d 17 [2000]). Both statutes prohibit the filing of written instruments with the knowledge that such instruments contain false statements. Accordingly, the federal convictions provide a proper predicate for automatic disbarment.

In view of this determination, we need not address the Committee's additional assertion that automatic disbarment can be predicated on respondent's conviction of conspiring to provide and conceal material support to terrorist activity (18 USC §§ 371, 2339A), especially since the analog New York felony of

soliciting or providing support for an act of terrorism in the second degree (Penal Law § 490.10) was enacted after much if not all of the charged conduct took place (*see* L 2001, ch 300, § 4, eff Sept. 17, 2001).

We note that respondent requests that her previously submitted voluntary resignation* be accepted and the petition withdrawn as moot or, in the alternative, that the record reflect her voluntary resignation and consent to disbarment. Respondent's resignation, however, does not comply with the requirements of 22 NYCRR 603.11. In any event, since respondent ceased to be an attorney upon her conviction (Judiciary Law § 90 [4] [a]), her purported resignation cannot be accepted.

Accordingly, the Committee's petition to strike respondent's name from the roll of attorneys and counselors-at-law should be granted pursuant to Judiciary Law § 90 (4) (b), effective nunc pro tunc to February 10, 2005.

MAZZARELLI, J.P., ANDRIAS, SULLIVAN, WILLIAMS and McGUIRE, JJ., concur.

Respondent's resignation denied; respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to February 10, 2005.

---

* In a letter dated November 14, 2006, respondent's attorney advised the Disciplinary Committee of respondent's conviction and stated that respondent "voluntarily resigns from the practice of law."