[848 NYS2d 170]

In the Matter of ĒLLEN M. CARLSTEIN ROTH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 8, 2008

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Stephen H. Roth* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Ellen M. Carlstein Roth was admitted to the practice of law in New York by the First Judicial Department on December 22, 1969. At all times relevant to this proceeding, respondent was in-house counsel for Siemens Medical Systems, Inc. (Siemens), a business with its principal location in New Jersey.

On February 27, 2007, respondent pleaded guilty to making a false statement in violation of 18 USC § 1001, a federal felony. Respondent was scheduled to be sentenced on November 6, 2007.

The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to Judiciary Law § 90 (4) (a), striking respondent's name from the roll of attorneys on the ground that she was automatically disbarred as a result of her conviction of a federal felony that would constitute a felony if committed under New York law. In the alternative, the Committee seeks an order determining that the crime of which respondent has been convicted is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d), and immediately suspending respondent from the practice of law and directing her to show cause before the Committee why a final order of censure, suspension or disbarment should not be made (Judiciary Law § 90 [4] [f], [g]). Respondent does not oppose automatic disbarment under Judiciary Law § 90 (4) (a).

A conviction of a federal felony does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law (*Matter of Kim*, 209 AD2d 127 [1995]). The federal felony need not be a "mirror image" of the New York felony but it must be essentially similar (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). Essential similarity may be demonstrated by evidentiary materials such as admissions made under oath in the respondent's plea allocution or other testimony (*Matter of Bertel*, 252 AD2d 256 [1999]), which may be read in conjunction with the indictment or information (*Matter of Amsterdam*, 26 AD3d 94 [2005]).

Respondent pleaded guilty to making a false statement in violation of 18 USC § 1001. This was one count in an indictment which alleged that respondent, as in-house counsel to

Siemens, devised and participated in a scheme to defraud and to win a $49 million radiology contract for Cook County hospital in Illinois. The contract was purportedly obtained by entering into a sham joint-venture with a minority-owned business, in order to meet a county requirement that a minority-owned business receive a portion of the work. However, instead of a true partnership with the minority-owned business, Siemens allegedly agreed to pay a flat fee of $500,000 to that company to pose as its partner. Respondent pleaded guilty to a count in the indictment which accused her of making false oral statements to the FBI during its investigation of the fraudulent contract.

The federal felony of making a false statement does not have a direct felony analog under New York law. However, it is undisputed that under respondent's plea agreement and during the plea allocution she admitted to engaging in conduct constituting the New York felony of scheme to defraud in the first degree. The New York felony requires proof that the defendant intentionally engaged in a scheme to defraud one or more persons by means of false pretenses, representations or promises, and thereby obtained property in excess of $1,000 (Penal Law § 190.65 [1] [b]).

Specifically, respondent admitted to participating "in a scheme to defraud and to obtain money and property, including a contract worth approximately $49 million, as well as funds actually paid pursuant to the contract, from Cook County by means of materially false and fraudulent pretenses, representations and omissions of material facts." Since these factual admissions demonstrate that respondent was convicted of a New York felony as defined by Judiciary Law § 90 (4) (e), automatic disbarment is appropriate (see Matter of Mercado, 1 AD3d 54 [2003]).

Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b) upon the ground that respondent has been disbarred as a result of her conviction of a federal felony that would constitute a felony under New York law.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to February 27, 2007.

LIPPMAN, P.J., MAZZARELLI, ANDRIAS, BUCKLEY and SWEENY, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to February 27, 2007.