[874 NYS2d 84]

In the Matter of SAMUEL A. FISHMAN (Admitted as SAMUEL AARON FISHMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 26, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Samuel A. Fishman was admitted to the practice of law in the State of New York by the Second Judicial Department on March 10, 1982, under the name Samuel Aaron Fishman. At all times relevant herein, respondent was a partner in a law firm located within the First Judicial Department.

On March 28, 2008, respondent pleaded guilty in the United States District Court for the Southern District of New York, to one felony count of mail fraud in violation of 18 USC § 1341.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the ground that his federal conviction is a proper predicate. Respondent has not submitted a response.

A conviction of a federal felony triggers automatic disbarment if the offense is "essentially similar" to a felony under New York law (*see Matter of Sorin*, 47 AD3d 1, 3 [2007]; Judiciary Law § 90 [4] [e]). Respondent admitted during his plea allocution that, as billing partner between 2002 and 2005, he wrongfully charged personal expenses as business expenses to his firm and its clients, and that he knew documents reflecting those charges would be sent through the United States mail. He further conceded that his activity "involved a scheme or artifice to defraud money or obtain money by materially false pretenses or promises," and he agreed to make restitution in the amount of $350,000.

Respondent's admissions during his plea allocution are sufficient to establish the elements of the New York felony of scheme to defraud in the first degree, which include a fraudulent scheme that defrauded more than one person by false pretenses and thereby obtained property in excess of $1,000 (*see* Penal Law § 190.65 [1] [b]; *Matter of Treffinger*, 11 AD3d 185 [2004], *lv denied* 4 NY3d 703 [2005]). As a result, respondent's conviction for mail fraud under 18 USC § 1341 is essentially similar to a conviction for scheme to defraud in the first degree under Penal Law § 190.65 (1) (b), and therefore he automatically ceased to be an attorney, by operation of law, upon entry of his guilty plea (*see Matter of Treffinger*, 11 AD3d 185 [2004]; *Matter of Lulkin*, 258 AD2d 209 [1999]; *Matter of Koss*, 253 AD2d 259 [1999]).

Accordingly, the Committee's motion to strike respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) should be granted and respondent's name stricken, effective nunc pro tunc to March 28, 2008.

TOM, J.P., GONZALEZ, BUCKLEY, SWEENY and CATTERSON, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 28, 2008.