[906 NYS2d 214]

In the Matter of HIDETOSHI CHO, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JU-
DICIAL DEPARTMENT, Petitioner.

First Department, July 27, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary
Committee*, New York City (*Raymond Vallejo* of counsel), for
petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Hidetoshi Cho[1] was admitted to the practice of law in the State of New York by the First Judicial Department on September 21, 1992. By a 2007 order of removal, respondent was deported to Japan, where he maintains an office address registered with the Office of Court Administration.[2]

In 2005, respondent was charged with six felony counts in a superseding indictment filed in the Southern District of New York: one count of conspiracy to defraud the United States (18 USC § 371), two counts of making false statements on a loan application (18 USC §§ 1001, 1002), two counts of making false statements to the Small Business Administration (SBA) (15 USC § 645 [a]), and one count of mail fraud (18 USC §§ 1341, 1342). All the charges arose out of submissions by respondent and his codefendant[3] to the SBA, the American Red Cross, Safe Horizon, Inc., and other agencies and charities, falsely claiming to have suffered damage to property and loss of business as a result of the World Trade Center attacks of September 11, 2001.

On February 3, 2006, respondent pleaded guilty to counts 1, 2, 3 and 11.[4] On May 3, 2006, respondent was sentenced to a prison term of two years, supervised release of two years, and restitution in the amount of $2,500. By order dated May 20, 2007, respondent was ordered removed to Japan.

By petition dated March 29, 2010, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b) on the ground that he was automatically disbarred as a result of his conviction of federal felonies that would constitute felonies if committed under New York law. In the alternative, the Committee seeks an order determining that the crimes of which respondent has been convicted constitute "serious

---

1. Although served on April 1, 2010 by regular mail to his office address and last known home address in Japan, respondent has not submitted a response in this matter.

2. As the admitting Department, this Court retains continuing disciplinary jurisdiction over respondent (22 NYCRR 603.1 [a]).

3. The codefendant was charged in the same superseding indictment with 11 felony counts.

4. Respondent failed to notify the Committee of his conviction, as required to do by 22 NYCRR 603.12 (f), or to file a record of his conviction with this Court, as mandated by Judiciary Law § 90 (4) (c).

crimes" within the meaning of Judiciary Law § 90 (4) (d), immediately suspending him pursuant to Judiciary Law § 90 (4) (f), and referring the issue for a hearing on sanction.

A conviction of a felony under another jurisdiction's laws does not trigger automatic disbarment unless the offense would constitute a felony under New York Penal Law (Judiciary Law § 90 [4] [e]; *Matter of Kim*, 209 AD2d 127 [1995]). The foreign felony need not be a "mirror image" of the New York felony, but must be "essentially similar" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]); *Matter of Shubov*, 25 AD3d 33 [2005]). Even where the elements of the foreign jurisdiction's statute do not directly correspond to a New York felony, essential similarity may be established by admissions made under oath during a plea allocution, considered in conjunction with the indictment (*Matter of Amsterdam*, 26 AD3d 94 [2005]).

Counts 2 and 3 (both charging 18 USC §§ 1001, 1002) of the federal indictment, to which respondent pleaded guilty, charged that respondent had knowingly made "materially false, fictitious, and fraudulent statements and entries" in a business loan application and other documents and submitted them to SBA. Respondent expressly admitted at his plea that he had "made false and fraudulent statements intending to get money from the Small Business Administration and the American Red Cross and from other agencies." He also admitted that he had succeeded in obtaining $2,500 from Safe Horizon, Inc.

18 USC § 1001 provides:

> "whoever, in any matter within the jurisdiction of the . . . Government of the United States, knowingly and willfully . . . makes any materially false, fictitious, or fraudulent statement or representation [or] makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry" is guilty of a felony.

18 USC § 1002 provides:

> "Whoever, knowingly and with intent to defraud the United States, or any agency thereof, possesses any false, altered, forged, or counterfeited writing or document for the purpose of enabling another to obtain from the United States, or from any agency, officer or agent thereof, any sum of money" is guilty of a felony.

New York Penal Law § 175.35, offering a false instrument for filing in the first degree, declares it a Class E felony when a person:

> "knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision, public authority or public benefit corporation of the state, . . . offers or presents it to a public office, public servant, public authority or public benefit corporation with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office, public servant, public authority or public benefit corporation."

This Court has repeatedly held that a conviction under 18 USC §§ 1001 and 1002 is analogous to Penal Law § 175.35 (*Matter of Ramirez*, 7 AD3d 52 [2004]; *Matter of Gautam*, 231 AD2d 335 [1997]; *Matter of Pandit*, 230 AD2d 160 [1997]).

In *Matter of Roth* (49 AD3d 144, 146 [2008]), this Court did state that the "federal felony of making a false statement does not have a direct felony analog under New York law." However, only 18 USC § 1001 was charged there, and only oral statements, not written ones or filed documents, were involved. Moreover, this Court proceeded to examine the plea allocution and indictment to find that the attorney had committed conduct constituting the New York felony of scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]), by engaging in a scheme to defraud and obtain in excess of $1,000.

In the instant matter, respondent was convicted of two counts that each charged violation of both 18 USC §§ 1001 and 1002, based on his offering false documents for filing with a governmental agency. Thus, his conviction is analogous to Penal Law § 175.35, offering a false instrument for filing in the first degree (*see Ramirez*, 7 AD3d 52; *Gautam*, 231 AD2d 335; *Pandit*, 230 AD2d 160). In any event, a reading of the conviction together with his plea allocution establishes his commission of that New York felony (*see Matter of Stewart*, 42 AD3d 59 [2007] [convicted under 18 USC § 1001]; *Amsterdam*, 26 AD3d 94 [convicted under 18 USC § 371, conspiracy to defraud]; *Matter of Fier*, 276 AD2d 17 [2000] [convicted under 18 USC § 1001]).

Although this Court has previously determined that the other federal statutes under which respondent was convicted (18 USC § 371 [conspiracy to defraud] and 18 USC §§ 1341, 1342 [mail

fraud]) do not have a New York felony counterpart, it has found in appropriate circumstance, plea allocutions to those counts sufficient to establish the elements of the New York felony of scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]; *Matter of Fishman*, 61 AD3d 159 [2009] [18 USC § 1341]; *Matter of Treffinger*, 11 AD3d 185 [2004] [18 USC §§ 371, 1341], *lv denied* 4 NY3d 703 [2005]; *Matter of Harnisch*, 7 AD3d 58 [2004] [18 USC §§ 371, 1341]; *see Matter of Mercado*, 1 AD3d 54 [2003] [18 USC §§ 371, 1343] [wire fraud]).

Respondent admitted at his plea that he had "knowingly and willfully participated in" a "scheme or artifice to defraud and to obtain money or property by materially false representations" from SBA, the American Red Cross, Safe Horizon, Inc., and other agencies, pursuant to which he succeeded in obtaining $2,500 from Safe Horizon, Inc. Those admissions satisfied the requirements of Penal Law § 190.65 (1) (b), which states that a person is guilty of scheme to defraud in the first degree when he:

> "engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons."

(*See Fishman*, 61 AD3d 159; *Roth*, 49 AD3d 144; *Treffinger*, 11 AD3d 185; *Harnisch*, 7 AD3d 58; *Mercado*, 1 AD3d 54).

Accordingly, the Committee's motion to strike respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (a) and (b) should be granted, and respondent's name stricken, nunc pro tunc to February 3, 2006, the date of his convictions.

FRIEDMAN, J.P., NARDELLI, MOSKOWITZ, FREEDMAN and MANZANET-DANIELS, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to February 3, 2006.