Matter of Ahern (2022 NY Slip Op 03177)

Matter of Ahern

2022 NY Slip Op 03177

Decided on May 12, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 12, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Troy K. Webber,J.P.,
Cynthia S. Kern
David Friedman
Tanya R. Kennedy
Bahaati E. Pitt, JJ.

Motion No. 2022-00484 Case No. 2022-00468 

[*1]In the Matter of Christopher John Ahern, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Christopher John Ahern, (OCA Atty. Reg. No. 5289475) Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on November 12, 2014.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Kelly A. Latham, Esq., of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent Christopher John Ahern was admitted to the practice of law in the State of New York by the Second Judicial Department on November 12, 2014. At all times relevant to this proceeding, respondent has maintained a registered business address within the First Judicial Department.
On July 5, 2016, respondent was convicted, upon his plea of guilty, in the United
States District Court for the Southern District of New York, of making and presenting false, fictitious, and fraudulent claims to the United States in violation of 18
USC § 287, a felony. Respondent's criminal conduct deprived the United States Treasury of approximately $4.7 million and resulted in his receipt of approximately $1.5 million in fees from his clients. Respondent was sentenced to 30 months imprisonment, followed by three years of supervised release, and was directed to make $3 million in restitution to the IRS and immediately pay a special assessment of $1,300.
In or about March 2021, more than four years after he entered his guilty plea, respondent notified the Second Judicial Department of his conviction, which forwarded the matter to the Attorney Grievance Committee (the Committee).
The Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90(4)(a) and (b) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(1) on the ground that he has been automatically disbarred by virtue of his conviction of a felony as defined under Judiciary Law § 90(4)(e). The Committee argues that respondent's federal conviction for violating 18 USC § 287 satisfies the elements of Penal Law § 175.35, offering a false instrument for filing in the first degree, which is a class E felony in New York.
Respondent, pro se, argues that there is no analogous New York felony to the federal felony of filing false claims under 18 § USC 287. Respondent also asks that if this Court finds that he has been automatically disbarred, it be made effective nunc pro tunc to July 5, 2016, the date of his plea. In response, the Committee requests respondent's disbarment be made effective the date this Court decides the Committee's motion.
A conviction of a federal felony triggers automatic disbarment pursuant to Judiciary Law § 90(4)(e) where the offense at issue would constitute a felony in New York (Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]). For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must be "essentially similar" (Matter of Margiotta, 60 NY2d 147, 149 [1983]).
We agree with the Committee's recommendation that there is essential similarity between 18 USC § 287 and Penal Law § 175.35. Notably, both statutes proscribe essentially the same conduct: the knowing submission of a falsified filing [*2]to a government body or agency (see Matter of Levine, 7 AD3d 4 [2d Dept 2004]; Matter of Duker, 242 AD2d 853 [3d Dept 1997]). Although only the New York felony requires specific intent to defraud, the two statutes are still essentially similar (see Matter of Chu, 42 NY2d 490, 494 [1977] [holding 18 USCA § 1001 to be essentially similar to Penal Law § 175.35, notwithstanding the latter statute's additional element of intent to defraud, where they proscribe nearly the same conduct and "[t]he core of the offense under both statutes is the willful filing in a governmental office of a false statement knowing it to be false"]; see also Matter of Cohen, 170 AD3d 30, 34 [1st Dept 2019]).
The Committee also correctly argues that the elements of Penal Law § 175.35 can be established through respondent's admissions made under oath during his plea allocution, read in conjunction with the information to which he pled guilty (see Matter of Adams, 114 AD3d 1, 2-3 [1st Dept 2013]; Matter of Lin, 110 AD3d 186, 187-188 [1st Dept 2013]; Matter of Sorin, 47 AD3d 1, 3-4 [1st Dept 2007]). Specifically, the information charged respondent with preparing and causing to be filed with the IRS income tax returns with fabricated and/or fraudulently inflated items, including, but not limited to, education credits and tuition expenses. Correspondingly, respondent admitted during his plea allocution that he "knowingly falsified 13 tax returns and submitted them to the government for payment"; the submitted returns were false because the taxpayers "were given an education credit that they were not entitled to"; and at the time of this conduct he knew that what he was doing was wrong and illegal. Thus, respondent's admitted conduct clearly establishes that he knowingly submitted falsified filings with intent to defraud to a government body in violation of Penal Law § 175.35.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." "[F]or purposes of automatic disbarment, a conviction occurs at the time of plea or verdict" (Matter of Conroy, 167 AD3d 44, 46 [1st Dept 2018]; see e.g. Matter of Mitchell,40 NY2d 153 [1976]; Matter of Smith, 173 AD3d 99 [1st Dept 2019]; Matter of French, 134 AD3d 27 [1st Dept 2015]; Matter of Hidetoshi Cho, 77 AD3d 155 [1st Dept 2010]; Matter of Ashdjian, 287 AD2d 217 [1st Dept 2001]). Thus, respondent's felony conviction for making and presenting false, fictitious, and fraudulent claims to the United States constitutes grounds for automatic disbarment as of July 5, 2016, based upon his plea of guilty.
This Court strongly notes that respondent failed to report his conviction within 30 days as required by Judiciary Law § 90(4)(c) and 22 NYCRR 1240.12(a), which itself is professional misconduct. That respondent waited more than four years to report the conviction[*3]—without providing any explanation for the delay—may certainly be relevant to a future application for reinstatement (see 22 NYCRR 1240.16[a]); however, this fact cannot serve as a basis to alter the date of respondent's automatic disbarment, which became effective the date of his guilty plea (see e.g. Matter of Reich, [Motion No. 2022-692, decided simultaneously herewith] [1st Dept 2022]; Matter of Smith, 173 AD3d at 99; Matter of Racer, 165 AD3d 137 [1st Dept 2018]).
Accordingly, the Committee's motion should be granted and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90(4)(a) and (b), and 22 NYCRR 1240.12(c)(1).
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion to strike the name of respondent, Christopher John Ahern, from the roll of attorneys and counselors-at-law, is granted; and
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90(4)(a) and (b), and 22 NYCRR 1240.12(c)(1), the respondent, Christopher John Ahern, is disbarred, effective July 15, 2016, and his name is stricken from the roll of attorneys and counselors-at-law; and
IT IS FURTHER ORDERED that the respondent, Christopher John Ahern, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), and
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, the respondent, Christopher John Ahern, is commanded to desist and refrain from (1) practicing law in any form, either as a principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that if respondent, Christopher John Ahern, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: May 12, 2022