In the Matter of HENRY G. FURY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 6, 1989

**APPEARANCES OF COUNSEL**

*Gary L. Casella (Leslie S. Evans* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to practice by this court on October 19, 1966.

On April 25, 1988, the respondent pleaded guilty in the United States District Court for the Southern District of New York to two crimes, viz., conspiracy to commit a crime (18 USC § 2), and bank fraud in violation of 18 USC § 1344 (a) (2), and was sentenced on June 20, 1988, to two years' imprisonment, and to two years' probation on condition that he make restitution. The respondent was required to pay an assessment of $50 on each count.

The Court of Appeals stated in *Matter of Margiotta* (60 NY2d 147, 150): "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity. *(Matter of Cahn,* 52 NY2d 479, 482.)"

The sentencing minutes indicate that the respondent misappropriated more than $260,000 in funds of the United States Treasury, and the first count of the information to which the respondent pleaded guilty alleged 26 separate alterations of payees' names and forgery of endorsements resulting in his fraudulently obtaining $1,646,504.77.

We find that the respondent's violation of the Federal bank fraud statute is essentially similar to violations of the New York larceny statutes. Penal Law § 155.40, grand larceny in the second degree, involves the theft of property with a value which exceeds $50,000, and a violation of that provision constitutes a class C felony. Further, the respondent's violation of that Federal statute is also essentially similar to Penal Law § 190.65, scheme to defraud in the first degree, which constitutes a class E felony. Both the Federal bank fraud statute as set forth in the information to which the respondent pleaded guilty and Penal Law § 190.65 require a scheme using a systematic ongoing course of conduct with intent to defraud by false or fraudulent pretenses.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted. The respondent is disbarred and the clerk of the court is directed to

strike his name from the roll of attorneys and counselors-at-law forthwith.

MOLLEN, P. J., MANGANO, BRACKEN, BROWN and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective forthwith, the respondent Henry G. Fury, be and he hereby is disbarred and his name is hereby struck from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent Henry G. Fury shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective forthwith, the respondent Henry G. Fury, be and he hereby is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application, or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.