[867 NYS2d 500]

In the Matter of Peter Scott Port, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, November 12, 2008

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On September 20, 2005, the respondent pleaded guilty before the Honorable Joseph A. Greenaway, Jr., in the United States District Court for the District of New Jersey, to violating 18 USC §§ 1001 and 2. During the plea allocution, the respondent admitted that between June 23, 2000 and October 19, 2000 he owned and operated Port Abstract Title Company in Garden City and acted as closing agent for residential mortgages generated by the Neighborhood Mortgage Bank for New Jersey properties. During that time, the respondent loaned money to Barry Fauntleroy, the owner and operator of EON Real Estate investment company, to purchase dilapidated homes to sell at a profit. At the respondent's direction, employees of Port Abstract prepared HUD-1 Real Estate Settlement forms which contained materially false information for residential mortgage loans on the properties he and Fauntleroy owned and were selling. The respondent collected fees for the issuance of real estate title insurance policies, as well as for his work as a closing agent, associated with the sale of the properties.

At the respondent's direction, his employees created Real Estate Settlement HUD-1 forms which contained materially false information with respect to funds provided by the purchasers of properties he sold which were funded through mortgages generated by the Neighborhood Mortgage Bank. The respondent submitted these and other related documents to the Neighborhood Mortgage Bank for inclusion into the mortgage loan file which was submitted to HUD. The respondent knowingly took these actions for the purpose of inducing HUD to insure mortgages generated by the Neighborhood Mortgage Bank based on materially false and misleading information. The respondent received monetary compensation for his participation in this scheme. The respondent admitted that his actions were taken with intent to defraud and that he was, in fact, guilty as charged.

On March 21, 2006, Judge Greenaway sentenced respondent to five months' incarceration and two years of supervised release. In addition, the respondent was ordered to make restitution of $500,000 and was fined $10,000.

The respondent notified this Court of his conviction in a timely manner pursuant to Judiciary Law § 90 (4) (c).

This Court has held that the federal felony of making false statements to a federal agency is essentially similar to the New

York State felony of offering a false instrument for filing in the first degree under Penal Law § 175.35, a class E felony (*see Matter of Roberts,* 282 AD2d 10 [2001]). Accordingly, it serves as a proper predicate for the respondent's automatic disbarment.

Pursuant to Judiciary Law § 90 (4) (a), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony and was automatically disbarred at the time of his sentencing for the federal felony on March 21, 2006. Accordingly, the Grievance Committee's motion to strike his name from the roll of attorneys is granted, without opposition.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and LIFSON, JJ., concur.

Ordered that, pursuant to Judiciary Law § 90 (4) (a), the respondent, Peter Scott Port, is disbarred, effective March 21, 2006, and his name is now stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Peter Scott Port, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, the respondent, Peter Scott Port, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and its is further,

Ordered that if the respondent, Peter Scott Port, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).