[891 NYS2d 141]

In the Matter of LEONARD H. GOLDNER (Admitted as LEONARD HOWARD GOLDNER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 8, 2009

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On October 27, 2004, the respondent pleaded guilty in the United States District Court for the Eastern District of New York, before the Honorable William D. Wall, to conspiracy to obstruct the Internal Revenue Service, in violation of 18 USC § 371, a federal felony. On December 19, 2008, Judge Leonard D. Wexler sentenced the respondent to one year of unsupervised probation, and directed him to pay restitution in the sum of $112,000 and an assessment in the sum of $100. He also was directed to participate in a program for the treatment of narcotic addiction or drug or alcohol dependency.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

In determining whether a foreign felony is "essentially similar" to a New York felony, this Court may consider many factors, including the plea allocution and/or trial record (*see Matter of Woghin*, 64 AD3d 5 [2009]; *Matter of Port*, 57 AD3d 139 [2008]; *Matter of Ashley*, 263 AD2d 70 [1999]; *Matter of Fury*, 145 AD2d 259 [1989]). The plea minutes reveal that the respondent pleaded guilty to count 21 of the indictment, which charged that, between the early 1990s until 2003, he agreed with others to knowingly and intentionally defraud the United States of tax revenues by defeating the lawful government functions of the Internal Revenue Service (hereinafter the IRS). The respondent admitted to the following:

> "As general counsel of Symbol, I oversaw a stock exercise which certain executives and directors were afforded a look back period of up to 30 days to choose an advantageous price for the exercise of stock options. Generally, we falsely designated it as

the exercise date, the date with the second lowest market price that occurred during this look back period. By choosing a day with a lower market price, the profit or gain realized by the executive or director in the acquisition of options was less than it would have been if the individual had used the market price from the actual date of exercise. Because I understood the IRS determined income based on the size of the gain, the participating executives and directors were able to lessen the tax due upon the exercise of those options . . . From time to time when executives exercised stock options, forms needed to be sent to the IRS and elsewhere reflecting those transactions."

Among such forms filed were false tax returns filed with the IRS which under-reported the amount of income received from the stock option exercise, and forms with the SEC reflecting these transactions, which falsely reported the dates of exercise.

The respondent's admitted conduct constituted the federal felony of conspiracy to obstruct the Internal Revenue Service, which is essentially similar to the New York felony of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35, a class E felony, which provides that a

"person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision, public authority or public benefit corporation of the state, he offers or presents it to a public office, public servant, public authority or public benefit corporation with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office, public servant, public authority or public benefit corporation" (*Matter of Woghin*, 64 AD3d 5 [2009]; *see Matter of Sorin*, 47 AD3d 1 [2007]; *Matter of Fier*, 276 AD2d 17 [2000]; *Matter of Zumbo*, 191 AD2d 805 [1993]).

Pursuant to Judiciary Law § 90 (4) (a), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony. By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to strike the respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment as of December 19, 2008.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and LEVENTHAL, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Leonard H. Goldner, admitted as Leonard Howard Goldner, is disbarred, effective December 19, 2008, and his name is now stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Leonard H. Goldner, admitted as Leonard Howard Goldner, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Leonard H. Goldner, admitted as Leonard Howard Goldner, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Leonard H. Goldner, admitted as Leonard Howard Goldner, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).