[918 NYS2d 521]

In the Matter of MARTIN NISSENBAUM, an Attorney. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 8, 2011

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Thomas Graham Amon* of counsel), for petitioner.

*Clayman & Rosenberg, LLP*, New York City (*Brian D. Linder* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

On May 7, 2009, the respondent was found guilty, after a jury

trial, in the United States District Court for the Southern District of New York of the following crimes: (1) conspiracy to defraud the United States by impeding the Internal Revenue Service (hereinafter IRS), evading taxes, and making materially false statements under United States Government jurisdiction, in violation of 18 USC § 371, (2) two counts of tax evasion, in violation of 26 USC § 7201, and (3) obstructing the IRS, in violation of 26 USC § 7212.

On January 21, 2010, the respondent was sentenced to a term of imprisonment of 30 months on each count, to run concurrently, a $100,000 fine, and a special assessment fee of $400. In addition, supervised release for three years on each count, to run concurrently, was imposed with a requirement that he perform 120 hours of community service for each year of supervised release.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

In determining whether a "foreign" or federal felony is "essentially similar" to a New York felony, this Court may consider other factors, including the plea allocution and trial record (*see Matter of Woghin*, 64 AD3d 5 [2009]; *Matter of Port*, 57 AD3d 139 [2008]; *Matter of Fury*, 145 AD2d 259 [1989]; *Matter of Ashley*, 263 AD2d 70 [1999]). According to the petitioner, the respondent "was convicted of conspiring with others to create and implement illegal tax shelters for clients of Ernst & Young as well as for his own personal tax benefit. This scheme included making false statements and providing false documents to the IRS as well as understating his personal income." Further, the respondent "was convicted of filing a fraudulent U.S. Individual Income Tax Return, Form 1040, which substantially understated his taxable income." The respondent does not object to this description of the offense, but points out that he "was not

convicted of filing a false tax return which substantially understated his taxable income. Rather, the tax evasion counts of [the] conviction[s] related to the tax returns of clients of . . . Ernst & Young." Further, the respondent consents to his name being stricken from the roll of attorneys.

We conclude, under the circumstances of this case, that the crime of conspiracy to defraud the United States, of which the respondent was convicted, is essentially similar to the New York felony of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35, a class E felony (*see Matter of Goldner*, 70 AD3d 236 [2009]; *see also Matter of Seltzer*, 255 AD2d 1 [1999]; *Matter of Vagionis*, 241 AD2d 276 [1998]).

By virtue of his federal felony convictions, as of January 21, 2010, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to now strike respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment on January 21, 2010.

PRUDENTI, P.J., MASTRO, RIVERA, DILLON and SGROI, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Martin Nissenbaum, is disbarred, effective January 21, 2010, and his name is now stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Martin Nissenbaum, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Martin Nissenbaum, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Martin Nissenbaum, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the re-

spondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).