[991 NYS2d 770]

In the Matter of RIK ANDREW BACHMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 10, 2014

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Glenn E. Simpson* of counsel), for petitioner.

*Timothy J. Brennan,* White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

On April 18, 2013, the respondent entered a plea of nolo contendere in the Connecticut Superior Court, Judicial District of Fairfield, to a substitute information charging him with larceny in the second degree, a class C felony, in violation of Connecticut General Statutes Ann § 53a-123 (a) (5). In August 2013, the respondent was sentenced pursuant to the plea agreement to seven years imprisonment, execution suspended after three years, followed by a period of five years probation. Based upon the foregoing, by decision dated November 14, 2013 (2013 WL 6510765, 2013 Conn Super LEXIS 2596 [2013]), the Superior Court of Connecticut, Judicial District of Fairfield granted an application by the Connecticut Statewide Grievance Committee to discipline the respondent and suspended him from the practice of law for a period of eight years.

In September 2013, the Grievance Committee for the Ninth Judicial District moved to strike the respondent's name from the roll of attorneys and counselors-at-law in New York, pursuant to Judiciary Law § 90 (4) (b), based upon his felony conviction. In the alternative, the Grievance Committee made an application pursuant to 22 NYCRR 691.3 of the rules governing the conduct of attorneys to reciprocally discipline the respondent based upon an eight-year suspension imposed upon him by order of the Superior Court of Connecticut, Judicial District of Fairfield, dated November 14, 2013. The respondent opposed the motion, arguing that Connecticut General Statutes Ann § 53a-123 (a) (5) has no analogue in New York, and therefore does not provide a basis for automatic disbarment. Subsequently, a notice pursuant to 22 NYCRR 691.3 was served upon the re-

spondent on or about April 14, 2014, "according him the opportunity, within 20 days of the giving of such notice, to file a verified statement setting forth any defense . . . enumerated under subdivision (c) . . . and a written demand for a hearing" and advising that "in default of such filing . . . this court will impose such discipline or take such disciplinary action as it deems appropriate" (22 NYCRR 691.3 [b]).

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

In determining whether a foreign felony is essentially similar to a New York felony, this Court may consider factors including the plea allocution and/or trial record (*see Matter of Woghin*, 64 AD3d 5, 6 [2009]; *Matter of Port*, 57 AD3d 139 [2008]; *Matter of Ashley*, 263 AD2d 70 [1999]; *Matter of Fury*, 145 AD2d 259 [1989]).

Here, the respondent's foreign felony conviction is based on Connecticut General Statutes Ann § 53a-123 (a) (5), which provides that a person is guilty of larceny in the second degree, a class C felony, when he commits larceny, and "the property, regardless of its nature or value, is obtained by embezzlement, false pretenses or false promise and the victim of such larceny is sixty years of age or older or is blind or physically disabled." Such felony conviction, on its face, has no apparent analogue in New York (*see* Penal Law art 155). Moreover, because the respondent's Connecticut conviction was based on a plea of nolo contendere, there was no plea allocution or other factors upon which essential similarity may be determined (*cf. Matter of Madoff*, 114 AD3d 184 [2013]). Under the circumstances, we find that there is no basis for automatic disbarment pursuant to Judiciary Law § 90 (4) (a). Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law as a result of his conviction is denied.

Nevertheless, in response to the Grievance Committee's notice pursuant to 22 NYCRR 691.3, the respondent has neither filed a verified statement asserting any defenses to the imposition of reciprocal discipline, nor demanded a hearing. Inasmuch as there is no impediment to the imposition of reciprocal discipline, the Grievance Committee's application to impose reciprocal discipline is granted, and, effective immediately, the respondent is suspended from the practice of law in New York for a period of five years. Further, any application by the respondent for future reinstatement in New York shall be contingent upon his reinstatement in Connecticut.

ENG, P.J., MASTRO, SKELOS, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's motion to strike the respondent's name from the roll of attorneys and counselors-at-law as a result of his conviction is denied; and it is further,

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Rik Andrew Bachman, is suspended from the practice of law for a period of five years, effective immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement prior to his reinstatement in Connecticut. In such application, the respondent shall furnish satisfactory proof that, during said period, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), (4) has been reinstated in Connecticut, and (5) otherwise properly conducted himself; and it is further;

Ordered that the respondent, Rik Andrew Bachman, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Rik Andrew Bachman, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion

as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Rik Andrew Bachman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).