Matter of Junior (2019 NY Slip Op 03339)





Matter of Junior


2019 NY Slip Op 03339


Decided on May 1, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
MARK C. DILLON
RUTH C. BALKIN
HECTOR D. LASALLE, JJ.


2018-11247

[*1]In the Matter of Nicole S. Junior, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Nicole S. Junior, respondent. (Attorney Registration No. 4584181)



MOTION by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), upon her conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 24, 2008.



Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On March 5, 2018, in the Court of Common Pleas in the County of Cuyahoga, Ohio, upon a plea of guilty, the respondent was convicted of telecommunications fraud, in violation of section 2913.05(A) of the Ohio Revised Code, a fifth-degree felony, sentenced to a period of 18 months' probation, and directed to pay a $1,000 fine, as well as costs of the prosecution.
As stated by the Court of Appeals in Matter of Margiotta (60 NY2d 147, 150):
"The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it would constitute a felony in this state.' (Judiciary Law § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."
In determining whether a foreign felony is essentially similar to a New York felony, this Court may consider other factors, including the plea allocution and/or trial record (see Matter of Lenich, 157 AD3d 201; Matter of Woghin, 64 AD3d 5; Matter of Port, 57 AD3d 139; Matter of Fury, 145 AD2d 259; Matter of Ashley, 263 AD2d 70).
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law based on her conviction of a felony. The Grievance Committee contends, inter alia, that the respondent's conviction for telecommunications fraud is "essentially similar" to the New York felony of attempted grand larceny in the third degree, in violation of Penal Law §§ 110.05(6) and 155.35(1), a class E felony.
The Ohio offense of telecommunications fraud (Ohio Revised Code § 2913.05[A]) is defined as follows:
"No person, having devised a scheme to defraud, shall knowingly disseminate, [*2]transmit, or cause to be disseminated or transmitted by means of a wire, radio, satellite, telecommunication, telecommunication device, or telecommunications service any writing, data, sign, signal, picture, sound, or image with purpose to execute or otherwise further the scheme to defraud."
The New York felony of attempted grand larceny in the third degree (Penal Law §§ 110.05[6]; 155.35[1]), is a class E felony. "A person is guilty of grand larceny in the third degree when he or she steals property and . . . when the value of the property exceeds three thousand dollars (Penal Law § 155.35[1]). "An attempt to commit a crime is a . . . class E felony when the crime attempted is a class D felony" (Penal Law § 110.05[6]).
At her plea allocution, the respondent admitted that she submitted false documents to the City of Cleveland in an attempt to obtain a payment of $7,256.41 from the City, which she was not entitled to receive.
Although served with a copy of the Grievance Committee's motion on September 21, 2018, the respondent has neither submitted a response nor requested additional time in which to do so; thus, the motion is unopposed.
Under the circumstances of this case, we conclude that the respondent's conviction of telecommunications fraud is essentially similar to the New York felony of attempted grand larceny in the third degree. By virtue of her felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is granted to reflect the respondent's disbarment on March 5, 2018.
SCHEINKMAN, P.J., MASTRO, DILLON, BALKIN and LASALLE, JJ., concur.
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Nicole S. Junior, is disbarred, effective March 5, 2018, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Nicole S. Junior, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Nicole S. Junior, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Nicole S. Junior, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court