Matter of O'Connor (2019 NY Slip Op 06168)





Matter of O'Connor


2019 NY Slip Op 06168


Decided on August 21, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JOSEPH J. MALTESE, JJ.


2018-14959

[*1]In the Matter of Eugene F. O'Connor II, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Eugene F. O'Connor II, respondent. (Attorney Registration No. 2097392)



MOTION by the Grievance Committee for the Ninth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony, or, in the alternative, to suspend the respondent from the practice of law based upon his conviction of a serious crime pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii). The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 4, 1987.



Gary L. Casella, White Plains, NY (Michael J. Kearse of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On September 22, 2017, in the Superior Court of the State of Arizona, County of Maricopa, the respondent was convicted, upon a plea of guilty, of aggravated assault, in violation of Arizona Revised Statutes § 13-1204(A)(2), a class 3 felony. As revealed in a transcription of the plea proceeding, the factual basis of the respondent's plea was as follows:
"On May 5th, 2017, in Maricopa County, . . . Mr. Eugene O[ C]onnor was in a physical altercation with his wife, Nancy O[ C]onnor with whom he lived. During that physical altercation Mr. O[ C]onnor recklessly caused physical injury to Ms. O[ C]onnor by using a dangerous instrument, and that instrument was a scissor[ ], which caused a small laceration on her wrist."
On October 25, 2017, the respondent was sentenced to six months' incarceration in the county jail, an additional six months' deferred jail term, and a four-year period of supervised probation. In addition, he was directed to participate in an anger management program, a domestic violence offender treatment program, and a substance abuse treatment program, and to make restitution for economic loss to the victim.
As stated by the Court of Appeals in Matter of Margiotta (60 NY2d 147, 150):
"The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it would constitute a felony in this state.' (Judiciary Law § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."
In determining whether a foreign felony is "essentially similar" to a New York felony, this Court may consider, among other things, the plea allocution and the trial record (see Matter of Lenich, 157 AD3d 201; Matter of Woghin, 64 AD3d 5; Matter of Port, 57 AD3d 139; Matter of Ashley, 263 AD2d 70; Matter of Fury, 145 AD2d 259).
The Grievance Committee for the Ninth Judicial District now moves, inter alia, to strike the respondent's name from the roll of attorneys and counselors-at-law based on his conviction of a felony. The Grievance Committee contends, inter alia, that aggravated assault, in violation of Arizona Revised Statutes § 13-1204(A)(2), is "essentially similar" to the New York felony of assault in the second degree, in violation of Penal Law § 120.05(2), a class D felony.
An "assault" is defined under Arizona Revised Statute § 13-1203(A) as follows:
"A person commits assault by:
"1. Intentionally, knowingly or recklessly causing an physical injury to another person; or
"2. Intentionally placing another person in reasonable apprehension of imminent physical injury; or
"3. Knowingly touching another person with the intent to injure, insult or provoke such person."
An "aggravated assault" is defined under Arizona Revised Statutes § 13-1204(A) as follows:
"A person commits aggravated assault if the person commits assault prescribed by section 13-1204 under any of the following circumstances:
"1. If the person causes serious physical injury to another.
"2. If the person uses a deadly weapon or dangerous instrument."
With certain exceptions not applicable here, "aggravated assault" is a class 3 felony.
"Assault in the second degree" is defined under New York Penal Law § 120.05 as follows:
"A person is guilty of assault in the second degree when:
"1. With intent to cause serious physical injury to another person, he causes injury to such person or to a third person; or
"2. With intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or
. . .
"4. He recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument."
Although personally served with a copy of the Grievance Committee's motion on December 7, 2018, the respondent has neither submitted a response nor requested additional time in which to do so. Thus, the motion is unopposed.
Under the circumstances of this case, we conclude that the respondent's conviction of aggravated assault is "essentially similar" to the New York felony of assault in the second degree (see Matter of Szego, 205 AD2d 76). By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the branch of the Grievance Committee's motion which is to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment on September 22, 2017. The remaining [*2]branch of the motion is denied as academic.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and MALTESE, JJ., concur.
ORDERED that the branch of the Grievance Committee's motion which is to strike the name of the respondent, Eugene F. O'Connor II, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted, and the motion is otherwise denied as academic; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Eugene F. O'Connor II, is disbarred, effective September 22, 2017, and his name is stricken from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Eugene F. O'Connor II, shall comply with the rules governing the conduct of disbarred and suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Eugene F. O'Connor II, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Eugene F. O'Connor II, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court