Matter of Smitten (2020 NY Slip Op 01176)





Matter of Smitten


2020 NY Slip Op 01176


Decided on February 19, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
BETSY BARROS, JJ.


2019-10040

[*1]In the Matter of John A. Smitten, admitted as John Arthur Smitten, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; John A. Smitten, respondent. (Attorney Registration No. 2772432)



MOTION by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 12, 1997, under the name John Arthur Smitten.



Catherine A. Sheridan, Hauppauge, NY (Ann Marie Modica-Schaffer of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On August 14, 2017, in the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida, the respondent pleaded guilty to grand theft in the first degree, a felony, in violation of Florida Statutes Annotated § 812.014(2)(a)(1). He was sentenced, inter alia, to a term of incarceration of 180 days, followed by a 5-year period of probation. In addition, he was directed to make restitution in the amount of $131,500.
By order of the Supreme Court of Florida dated September 14, 2017, the respondent was disbarred.
As stated by the Court of Appeals in Matter of Margiotta (60 NY2d 147, 150):
"The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it would constitute a felony in this state. (Judiciary Law § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."
In determining whether a foreign felony is essentially similar to a New York felony, this Court may consider, among other things, the plea allocution and/or trial record (see Matter of Lenich, 157 AD3d 201; Matter of Woghin, 64 AD3d 5; Matter of Port, 57 AD3d 139; Matter of Ashley, 263 AD2d 70; Matter of Fury, 145 AD2d 259).
The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based on his conviction of a felony. The Grievance Committee contends that grand theft in [*2]the first degree, in violation of Florida Statutes Annotated § 812.014 (2)(a)(1), is essentially similar to the New York felony of grand larceny in the second degree, in violation of Penal Law § 155.40(1), a class C felony, and that the respondent, as a consequence, was automatically disbarred under Judiciary Law § 90(4)(a).
Florida Statutes Annotated § 812.014(1)(a) provides that "[a] person commits theft if he or she knowingly obtains or uses, or endeavors to [use] or [obtain], the property of another with intent to, either temporarily or permanently . . . [d]eprive the other person of a right to the property or a benefit from the property." A person commits grand theft in the first degree if the "property stolen is valued at $100,000 or more" (Fla Stat Ann § 812.014[2][a][1]).
Although served with a copy of the motion on August 22, 2019, the respondent has neither submitted a response nor requested additional time in which to do so.
We find that the respondent's conviction of grand theft in the first degree is essentially similar to the New York felony of grand larceny in the second degree (see Matter of Barisic, 110 AD3d 84; Matter of Pelle, 106 AD2d 1). By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is granted to reflect the respondent's automatic disbarment on August 14, 2017.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BARROS, JJ., concur.
ORDERED that the Grievance Committee's motion is granted.
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, John A. Smitten, admitted as John Arthur Smitten, is disbarred, effective August 14, 2017, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, John A. Smitten, admitted as John Arthur Smitten, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, John A. Smitten, admitted as John Arthur Smitten, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, John A. Smitten, admitted as John Arthur Smitten, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court