Matter of Brettschneider (2020 NY Slip Op 01915)





Matter of Scott Brettschneider


2020 NY Slip Op 01915


Decided on March 18, 2020


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
HECTOR D. LASALLE, JJ.


2019-04448

[*1]In the Matter of Scott Brettschneider, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Scott Brettschneider, respondent. (Attorney Registration No. 2136034)



MOTION by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 22, 1987.



Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for petitioner.



PER CURIAM


OPINION & ORDER
.On April 5, 2019, after a jury trial before the Honorable Carol Bagley Amon, in the United States District Court for the Eastern District of New York, the respondent was found guilty of the two counts of which he was charged: (1) making false statements to a federal agency, in violation of 18 USC § 1001(a)(2); and (2) conspiracy to make false statements to a federal agency, in violation of 18 USC §§ 371 and 1001(a)(2).
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his felony conviction. Although the respondent was duly served, he has neither opposed the motion nor interposed any response thereto.
Pursuant to Judiciary Law § 90(4)(a) and (e), a lawyer is automatically disbarred upon his or her conviction of a felony committed under federal law which is "essentially similar" to a felony under New York law (see Matter of Margiotta, 60 NY2d 147). Conviction of a felony occurs, inter alia, upon the entry of a verdict of guilty (CPL § 1.20[13]). It is well settled that the elements of making false statements to a federal agency in documentary submissions, in violation of 18 USC § 1001(a)(2), are essentially similar to the elements of the New York felony of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35 (see e.g. Matter of Griffiths, 116 AD3d 117; Matter of Shepherd, 66 AD3d 14; Matter of Port, 57 AD3d 139).
By virtue of his felony conviction, pursuant to Judiciary Law § 90(4)(a) and (e), the respondent was automatically disbarred, and ceased to be an attorney (see Matter of Margiotta, 60 NY2d at 150; Matter of Burstein, 111 AD3d 112).
Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of April 5, 2019.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON, and LASALLE, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, Scott Brettschneider, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Scott Brettschneider, is disbarred, effective April 5, 2019, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Scott Brettschneider, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Scott Brettschneider, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Scott Brettschneider, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court