148

[915 NYS2d 221]

In the Matter of HUGH A. ZUBER (Admitted as HUGH ALEXAN-
DER ZUBER), an Attorney, Respondent. DEPARTMENTAL DISCI-
PLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT,
Petitioner.

First Department, December 14, 2010

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Paul L. Friman* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Hugh A. Zuber was admitted to the practice of law in the State of New York by the Second Judicial Department on April 14, 1999, under the name Hugh Alexander Zuber. At all times relevant to this proceeding, respondent practiced law as a staff attorney for the Office of the Corporation Counsel for the City of New York located within the First Department.

By order entered October 27, 2009, this Court granted the Departmental Disciplinary Committee's (DDC) motion to immediately suspend respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (iii) based upon uncontested evidence that respondent misappropriated client/third-party funds, and that such professional misconduct threatens the public interest (*Matter of Zuber*, 71 AD3d 170 [2010]).

On December 11, 2009, respondent pleaded guilty in United States District Court for the Southern District of New York to two counts of the federal felony of mail fraud (18 USC § 1341). On May 18, 2010, respondent was sentenced to 20 months in prison and three years of supervised release, and ordered to pay $383,971 in restitution to his victims, and to forfeit $301,250 which represents the proceeds of his crimes.

The DDC now petitions this Court for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) on the ground that he was convicted of a crime which would be a felony if committed in New York (*see Matter of Kim*, 209 AD2d 127 [1995]).

While this Court has previously held that the federal crime of mail fraud has no New York State felony counterpart, it is well settled that "where the elements of the out-of-jurisdiction felony do not directly correspond to the elements of a New York felony, this Court may look beyond the elements of the felony of which the respondent was convicted, and consider as well the respondent's admissions in the plea allocution" (*Matter of Harnisch*, 7 AD3d 58, 59 [2004]). The felony need not be a "mirror image" of the New York felony. It is sufficient that they are "essentially similar" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]).

Respondent's admissions during the plea allocution, when read in conjunction with the counts of the information charging a scheme to defraud two former clients he represented in the

sale of real estate under the mail fraud statute, satisfy the elements of scheme to defraud in the first degree under Penal Law § 190.65 (1) (b), a class E felony.

Thus, respondent's conviction of mail fraud under 18 USC § 1341 is essentially similar to a conviction of scheme to defraud in the first degree and therefore constitutes a proper predicate for automatic disbarment under Judiciary Law § 90 (4) (b) (*see Matter of Fishman*, 61 AD3d 159 [2009] [federal mail fraud conviction triggered automatic disbarment as it was essentially similar to scheme to defraud in the first degree]).

Respondent's mail fraud conviction is also essentially similar to grand larceny in the second degree (Penal Law § 155.40), a class C felony, and satisfies the elements of criminal possession of a forged instrument in the second degree (Penal Law § 170.25), a D felony, as well.

As respondent has engaged in conduct constituting three felonies (Penal Law §§ 155.40, 170.25, 190.65 [1] [b]) he was thereby automatically disbarred by operation of Judiciary Law § 90 (4). Accordingly, the Committee's motion to strike respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) should be granted and respondent's name stricken, effective nun pro tunc to December 11, 2009.

GONZALEZ, P.J., SAXE, McGUIRE, ACOSTA and ROMÁN, JJ., concur.

Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to December 11, 2009.