[926 NYS2d 406]

In the Matter of ROBERT S. BROWN (Admitted as ROBERT STEVEN BROWN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 14, 2011

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Robert S. Brown,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Robert S. Brown was admitted to the practice of law in the State of New York by the First Judicial Department on August 6, 1990. At all relevant times, respondent maintained an office for the practice of law within the First Department.

The Departmental Disciplinary Committee (DDC) petitions this Court for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) on the ground that he has been disbarred upon conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent was charged in a single count information filed in the United States District Court for the District of Columbia with obstruction of the due administration of justice, in violation of 18 USC § 1503, a felony. He pleaded guilty on November 3, 2009 pursuant to a plea agreement with the U.S. Attorney's Office for the District of Columbia. At his plea allocution, respondent admitted that a "Statement of the Offense," which had been provided to the court as the factual basis for his guilty plea, was true and accurate. Respondent has not been sentenced.

Respondent was charged in connection with his involvement in setting up several limited liability companies that were actually shell companies used to fraudulently transfer more than $25 million. The statement of the offense sets forth in detail the respondent's false and misleading statements to FBI agents and federal prosecutors in connection with a grand jury investigation into this scheme to defraud, which false statements were intended to curtail the scope, duration and direction of that investigation. In accepting the plea offer, respondent agreed to forfeit to the United States $275,000 which he agreed approximated his net proceeds derived from his participation in the transactions.

The DDC asserts that respondent's federal conviction is a basis for his automatic disbarment because there is "essential similarity" (*Matter of Margiotta,* 60 NY2d 147, 150 [1983]) between respondent's conviction of obstruction of the due administration of justice and the New York felony of scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]). It is the DDC's position that respondent's admissions in his plea allocution, when read in conjunction with the single-count information, are sufficient to satisfy the elements of scheme to defraud

in the first degree; DDC argues that "by his own admission, respondent intentionally engaged in a scheme to defraud 'potential investors' as well as the 'regulators' of the stocks and securities by, among other things, participating in [a] 'pump and dump' scheme and transferring millions of dollars through a series of shell companies."

Respondent pro se has submitted a letter in which he consents to this petition and the remedies sought therein, and expresses his hope to "one day . . . be eligible to reapply for admission to the Bar of the State of New York."

As an initial matter, this Court has held that the federal offense of obstruction of the due administration of justice does not have a New York felony analog (*Matter of Baum*, 258 AD2d 83 [1999]). The DDC maintains that respondent's federal conviction would constitute a scheme to defraud in the first degree, in violation of Penal Law § 190.65 [1] [b], a class E felony, based upon respondent's guilty plea, in which he admitted to facts as set forth in the information and the executed statement of the offense, which established that respondent assisted business people in carrying out a fraudulent securities scheme and thereby obtained property in an amount over $1,000. As relevant here, a person is guilty of scheme to defraud in the first degree when he "engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons" (Penal Law § 190.65 [1] [b]). Essential similarity may be found by considering the " 'admissions in the plea allocution' " (*Matter of Zuber*, 80 AD3d 148, 149 [2010] [citation omitted]; *see also Matter of Hidetoshi Cho*, 77 AD3d 155 [2010]). Like the attorney in *Matter of Mercado* (1 AD3d 54 [2003]), respondent engaged in an ongoing scheme to defraud and obtained over $1,000 in proceeds from this fraudulent scheme.

Accordingly, the DDC's motion to strike respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (a), (b) and (e) should be granted, on consent, and respondent's name stricken, effective nunc pro tunc to November 3, 2009, the date of his conviction.

GONZALEZ, P.J., CATTERSON, RICHTER, ABDUS-SALAAM and ROMÁN, JJ. concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to November 3, 2009.