[30 NYS3d 68]

In the Matter of Genevieve P. Salvatore, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, April 21, 2016

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Genevieve P. Salvatore,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Genevieve P. Salvatore was admitted to the practice of law in the State of New York by the First Judicial Department on October 15, 2001. Although respondent maintained her principal place of business in Milford, Connecticut, this Court has jurisdiction over her based upon her admission by this Court (*see* Rules of App Div, 1st Dept [22 NYCRR] § 603.1 [a]).

On November 19, 2013, respondent pleaded guilty in the United States District Court for the District of Connecticut to the federal felony of mail fraud (18 USC § 1341). On March 11, 2014, respondent was sentenced to 24 months in prison and three years of supervised release, and agreed to forfeit $19,243.54. By order of June 3, 2014, as part of the judgment of conviction, respondent was ordered to make restitution to Fannie Mae and Bank of America, jointly and severally with any codefendants, in the amount of $1,262,889.03.

The Departmental Disciplinary Committee (Committee) seeks an order pursuant to Judiciary Law § 90 (4) (b) striking respondent's name from the roll of attorneys on the ground that she was convicted of a felony as defined by Judiciary Law § 90 (4) (e) and has therefore been automatically disbarred; or, in the alternative, determining that the crime of which respondent was convicted is a "serious crime" (Judiciary Law § 90 [4] [d]; 22 NYCRR 603.12 [b]); immediately suspending her from the practice of law (Judiciary Law § 90 [4] [f]); and directing respondent to show cause before a referee or hearing panel as to why a final order of censure, suspension or disbarment should not be made (Judiciary Law § 90 [4] [g]). Respondent has submitted opposition papers wherein she requests that no action be taken on this petition other than to order that a hearing be held within 90 days of her release from prison. Respon-

dent argues, inter alia, that an essential element of New York's scheme to defraud in the first degree is that the actor therein obtain property in excess of $1,000 through false pretenses, yet the Committee's petition does not elicit facts to support such a claim.

While this Court has previously held that the federal crime of mail fraud has no New York State felony counterpart, it is well settled that "where the elements of the out-of-jurisdiction felony do not directly correspond to the elements of a New York felony, this Court may look beyond the elements of the felony of which the respondent was convicted, and consider as well the respondent's admissions in the plea allocution" (*Matter of Harnisch*, 7 AD3d 58, 59 [1st Dept 2004]). The federal felony need not be a "mirror image" of the New York felony, but it must be "essentially similar" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]; *Matter of Adams*, 114 AD3d 1, 2-3 [1st Dept 2013]).

Although respondent did not expressly admit to obtaining property in excess of $1,000, her admissions during the plea allocution, when read in conjunction with statements made by the prosecutor at the plea hearing, the second superceding indictment, and respondent's agreement to pay the $19,243.54 forfeiture, satisfy the elements of scheme to defraud in the first degree under Penal Law § 190.65 (1) (b), a class E felony.

Specifically, a person is guilty of the New York felony of scheme to defraud in the first degree, in violation of Penal Law § 190.65 (1) (b) if he or she

> "engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons."

The second superceding indictment charged that respondent and her coconspirators "wilfully and with intent to defraud, devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises." The indictment included a forfeiture allegation which directed respondent to forfeit the proceeds traceable to the crime of at least $15,842.54.

Respondent executed a plea agreement admitting her role in the criminal scheme and agreed to forfeit the sum of $19,243.54,

which she paid prior to sentencing. At her plea allocution, the prosecutor stated, inter alia, that respondent knowingly and wilfully participated in a scheme to defraud mortgage lenders out of money or property by means of the U.S. mail, that respondent served as a closing attorney for approximately 13 fraudulent transactions, and that respondent prepared fraudulent HUD-1 statements. The prosecutor identified one HUD-1 in particular which respondent mailed to a lender. When questioned by the court, respondent did not dispute the prosecutor's summary and acknowledged that she prepared and mailed a HUD-1 statement that contained inaccurate information to a lender and that she knew what she did was wrong. Thus, respondent's conviction of mail fraud under 18 USC § 1341 is essentially similar to a conviction of scheme to defraud in the first degree and therefore constitutes a proper predicate for automatic disbarment under Judiciary Law § 90 (4) (b) (*see Matter of Zuber*, 80 AD3d 148 [1st Dept 2010]; *Matter of Hidetoshi Cho*, 77 AD3d 155 [1st Dept 2010]).

Accordingly, the Committee's motion should be granted and respondent's name be stricken from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b), effective nun pro tunc to November 19, 2013.

RENWICK, J.P., ANDRIAS, SAXE, MOSKOWITZ and MANZANET-DANIELS, JJ., concur.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to November 19, 2013.